**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LEOPOLDO GALANG LISING, 781977,** | § | |
| **Petitioner,** | § | |
| | § | **No. 3:06-CV-2356-R** |
| **v.** | § | **ECF** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is Nathaniel Quarterman, Director of the TDCJ-CID.

**Statement of the Case:** Petitioner pled guilty to sexual assault of a child and aggravated sexual assault of a child in the 204th Judicial District Court of Dallas County, Texas, in Cause Nos. F96-23672-VQ and F97-22035-MQ. Punishment was assessed at twenty and thirty years imprisonment to run concurrently. The Fifth District Court of Appeals affirmed the conviction.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**

*Lising v. State*, Nos. 05-9701041-CR, 05-97-01042-CR (Tex. App. – Dallas Jan. 15, 1999, no pet.) (not designated for publication).  Petitioner subsequently filed a state habeas application, which the Court of Criminal Appeals denied without written order on the findings of the trial court.  *Ex parte Lising*, No. 41,793-01 (Tex. Crim. App., June 23, 1999).

Petitioner also filed two prior federal habeas corpus petitions pursuant to 28 U.S.C. § 2254.  The first petition was denied on the merits with prejudice.  *See Lising v. Johnson*, No. 3:99-CV-1785-P (N.D. Tex., Dallas Div.).  Petitioner's appeal was dismissed for want of prosecution.  On May 24, 2005, Petitioner filed a second federal habeas petition.  *See Lising v. Dretke*, No. 3:05-CV-1088-L.  That petition was dismissed as successive.  On November 8, 2005, the Fifth Circuit dismissed Petitioner's appeal.

On December 19, 2006, Petitioner filed this federal petition seeking to challenge the same convictions as his prior federal petitions.  The Court finds this petition should be transferred to the Fifth Circuit Court of Appeals as successive.

**Discussion:**  The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief.  ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996).  A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  *See* 28 U.S.C. § 2244(b)(2).  Before Petitioner

files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether

the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive

motion. Petitioner must obtain such an order before another petition for habeas relief under

§ 2254 is filed.

## RECOMMENDATION:

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the

instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED

to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364,

365 (5th Cir. 1997).

Signed this 19th day of March, 2007.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Petitioner.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).